J-S10027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HASSAN TUCKER | |
| Appellant | No. 1227 EDA 2018 |

Appeal from the PCRA Order Entered March 16, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0406051-2005

BEFORE: GANTMAN, P.J.E., STABILE, and COLINS,[*] JJ.

JUDGMENT ORDER BY STABILE, J.: **FILED MAY 09, 2019**

Appellant, Hassan Tucker, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On April 6, 2006, the trial court sentenced Appellant to life in prison without parole for a conviction of first-degree murder (18 Pa.C.S.A. § 2502(a)). This Court affirmed the judgment of sentence on February 8, 2008, and our Supreme Court denied allowance of appeal on July 17, 2008.

The PCRA court dismissed Appellant's timely first PCRA petition on March 12, 2010. A second petition was dismissed on May 13, 2011. On March 25, 2016, Appellant filed the instant petition, his third. He alleges that he is

_____

[*] Retired Senior Judge assigned to the Superior Court.

entitled to relief under **Miller v. Alabama**, 567 U.S. 460 (2012) (mandatory sentence of life in prison without parole is unconstitutional as applied to an offender under eighteen years old), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) (**Miller** applies retroactively to cases pending on direct appeal).

Appellant acknowledges that his petition is facially untimely because he filed it more than one year after his judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1). He alleges, however, that his petition is timely because it asserts a newly recognized constitutional right recognized by the United States Supreme Court, and because he filed his petition within 60 days of the Supreme Court's decision in **Montgomery**.

We disagree. Appellant was twenty years old at the time of his offense, and therefore he cannot assert the right recognized in **Miller**. The substance of his argument—that the Supreme Court's rationale in **Miller** should extend to persons who were twenty years old at the time of the offense—does not assert a newly recognized constitutional right. In fact, in **Commonwealth v. Lee**, ___ A.3d ___, 2019 WL 986978 (Pa. Super. March 1, 2019) (*en banc*), this Court held that persons who are eighteen years old or older at the time of their offense cannot invoke **Miller** to avoid the PCRA's jurisdictional time limit. Based on the foregoing, we affirm the order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/19